196 So.8d 871

**Ex parte Roy Lee UNBEHANT.**

**4 Div. 597.**

Court of Appeals of Alabama.

March 21, 1967.

Roy Lee Unbehant, pro se.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

This is a prisoner's petition filed February 16, 1967, for an original writ of mandamus to order the Geneva Circuit Court to act upon a petition for habeas corpus.

Since Unbehant fails to show (1) that he is detained in Geneva County, or (2) that under Code 1940, T. 15, §§ 6 and 7, the Geneva Circuit Court could otherwise take up the case, this petition must be denied.

**594**

Sections 6 and 7 read:

"§ 6. When the person is confined in a county jail, or any other place, on a charge of felony, or under a commitment or an indictment for felony, the petition must be addressed to the nearest circuit judge, or to the probate judge of the county where the person is confined; and when the person is confined in the penitentiary, or under a sentence, judgment, decree, or order of the supreme court, or the circuit court, other than an indictment for felony, the petition must be addressed to the nearest circuit judge; in all other cases, it may be addressed to any one of them, or to the probate judge of the county; and when the person is confined in any other place than the county jail or the penitentiary, and on any other than a criminal charge, it may be addressed to any justice of the peace of the county, or to the probate judge thereof, any other law to the contrary notwithstanding.

"§ 7. When the petition is required to be addressed to the nearest circuit judge and such judge is absent or incapable of acting, or has refused to grant the writ, or has refused to grant the writ returnable within five days, or has granted the writ returnable in five days but has failed or refused to rule therein within five days from the return date, it may be addressed to any other circuit judge. In such case, before the writ is granted, proof must be made, either by the oath of the applicant or other sufficient evidence, of the particular facts which justify such address. The jurisdiction of the nearest circuit judge shall be ousted when the petition is filed with any other circuit judge."

The first sentence of Code 1940, T. 15, § 8, provides:

"§ 8. The judge or justice to whom the application is made must grant the same without delay; unless it appears from the petition itself, or from the documents thereunto annexed, that the person im-

prisoned or restrained is not, under the provisions of this chapter, entitled to the benefit of the writ. * * *"

Accordingly the instant petition fails to show that the judge of the Geneva Circuit Court is under an inexorable legal duty to act on the habeas corpus petition which Unbehant alleges that he filed there.

Petition denied.